**Norene WAGOSHE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12245.**

Criminal Court of Appeals of Oklahoma.

Jan. 25, 1956.

Rehearing Denied Feb. 8, 1956.

S. S. Lawrence, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Norene Agnes Wagoshe, a full-blood Osage Indian woman, was charged in the municipal criminal court of the City of Tulsa by information with operating a motor vehicle while under the influence of intoxicating liquor, and by a second information that while in the operation of a motor vehicle which was involved in an accident, did leave the scene of said accident at Admiral Place and Harvard, and failed to give her correct name and address and registration number of the vehicle she was driving. These cases arose out of the same transaction, and for the purpose of trial were consolidated. The record discloses that trial by jury was waived and the cases tried to the court, resulting in a judgment of conviction, with punishment in the first case of a fine of $150 and costs, and to pay a fine of $50 in the second case.

We have carefully read the record in this case, and the evidence overwhelmingly supports the charge that the defendant was intoxicated, as stated, and while driving her automobile ran it into another vehicle and proceeded on several blocks before stopping her own automobile. The evidence did show that the accused did not have a record of any prior convictions, and this probably accounts for the fact that the court did not make confinement in jail a part of the punishment.

There is but one proposition for reversal that from the record is deserving of comment, and that is the proposition that "The court erred as a matter of law in denying plaintiff in error a trial by jury."

This was argued orally in this court, and we were ready to reverse the case before the complete picture, as disclosed from the record, forced a different view.

Defendant started out with an attorney different from the one who actually tried the case.

The actions were commenced on January 4, 1955, and the court docket does not show any action until June 6, 1955, when a jury was waived and the cases were set for trial for June 15, and on June 15, 1955 were passed to June 20, and then passed to June 22, and that on June 22, 1955 Mr. S. S.

Lawrence appeared for defendant and the cases were set for trial on the non-jury docket for June 29. On the 29th the defendant sought to withdraw her waiver of trial by jury on the ground that she did not authorize her former attorney, Mr. Robert Wheeler, to waive trial by jury, and she also by way of affidavit sought to disqualify Judge Seaton from proceeding with the hearing.

The record is clear that a jury was waived on June 6, 1955. It shows that a jury docket had been set at the time, thus forcing the issue, and defendant was not present for trial.

The court heard testimony in support of the motion for a jury trial, which was, as stated, in the nature of a withdrawal of the waiver by her former attorney. Defendant testified that she did not authorize her attorney to waive a jury.

William Huckins, assistant city attorney, testified that he wanted the jury trial to proceed when the case was called on June 6, but Mr. Wheeler agreed to enter a guilty plea if he would agree to a jury being waived.

The record, as stated, shows that the defendant was not present for trial on June 6, although she knew her case had been set. She was in Pawhuska. She admitted that she telephoned the office of her attorney in Tulsa, and talked to her attorney's father, who told her the case had been put off. Evidently her call was after the action of the court.

The record discloses no continuances prior to June 6, and as defendant discharged her counsel on June 13, the various continuances thereafter cannot be charged to original counsel.

Apparently, from the record, defendant not being present in Tulsa for trial on June 6, her counsel had to risk a bond forfeiture or by some means obtain a continuance. The usual practice under such circumstances, is to waive a jury, which was done.

If the evidence had shown that defendant was present for trial and demanding a jury, then in the absence of rebuttal evidence, we would be forced to reverse this case.

The testimony of defendant at best was very unsatisfactory, and contradictory in several instances, as contended by the Attorney General. She was asked leading questions by her counsel throughout, although no objection was interposed by the city attorney.

No merit being found in the other contentions, the judgment and sentence appealed from is in all respects affirmed.

JONES, P. J., and BRETT, J., concur.